ROBERT J. POWELL, JR.; J. LEWIS BIBB; PHIL E. PEARCE; JAMES K. NORFLEET; WALTER L. DULIN; THOMAS E. WALKER; H. CHARLES COVINGTON; GEDDINGS H. CRAW-FORD; ERSKINE DUFF; MARVIN G. VICK; HARRY C. SHEEHY, JR.; PETER C. COHAN; AS GENERAL PARTNERS, TRADING AND DOING BUSINESS AS R. S. DICKSON, POWELL, KISTLER & CRAWFORD v. JAMES L. MORRIS

No. 7212SC223

(Filed 29 March 1972)

APPEAL by defendant from *Hall, Judge,* 25 October 1971 Session of Superior Court held in CUMBERLAND County.

On 3 September 1971 plaintiff made application for the issuance of a summons in this cause and requested permission for an extension of time within which to file complaint. Summons was issued on that date by the Assistant Clerk of Superior Court and an order was entered granting plaintiff 18 days within which to file complaint. The summons and complaint were served on 6 September 1971.

On 14 September 1971, a second summons was issued and this summons, along with a complaint, was served on defendant on 17 September 1971.

On 26 October 1971, defendant moved to dismiss the action for a lack of jurisdiction over the person. In his motion, defendant alleged that the summons did not sufficiently identify plaintiffs and that the application and order extending the time to file the complaint were insufficient. This motion was denied and defendant appealed.

*McCoy, Weaver, Wiggins, Cleveland & Raper by Alfred E. Cleveland for plaintiff appellees.*

*Spruill, Trotter & Lane by Michael S. Colo for defendant appellant.*

GRAHAM, Judge.

This is a companion case to *Morris v. Dickson*, No. 7212SC222. In an opinion by Judge Britt in that case (filed this date), we held that the summons and order issued in this case on 3 September 1971 were legally sufficient. Even if we had concluded differently with respect to that order and summons, we would still affirm the order denying defendant's motion to dismiss this case. A second summons was issued 14 September 1971, and it is admittedly sufficient in all respects. Therefore, even if the first summons were defective, the court would have obtained jurisdiction over defendant under the second summons.

Affirmed.

Judges CAMPBELL and BRITT concur.